UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 21-cv-01828 (JRT – ECW)

_____

DERECK DAVIS,

           Plaintiff,                              **SECOND AMENDED COMPLAINT**

v.

SCHMITTY'S REPO, LLC,
DEREK C. GALL, AND
REFLECTION AUTO SALES, LLC,

           Defendants.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and for pendant state law claims pursuant to 28 U.S.C. §1367.

2. This action arises out of Defendants' Derek C. Gall, Schmitty's Repo, LLC, and Reflection Auto Sales, LLC violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Minn. Stat. § 336.9-609, Minn. Stat § 609.224, and Invasion of Privacy

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

PARTIES

4. Dereck Davis (hereinafter "Plaintiff"), is a natural person residing in the County of Freeborn, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Schmitty's Repo, LLC (hereinafter "Defendant Schmitty's"), is a "debt collector," for the purpose of 15 U.S.C. § 1692f(6) because it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6). Defendant operates from an address of 1763 Burns Avenue, St. Paul, MN 55106

6. Defendant Derek C. Gall (hereinafter "Defendant Gall"), is a "debt collector," for the purpose of 15 U.S.C. § 1692f(6) because he uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6). Defendant Gall is an employee of Defendant Schmitty's.

7. Defendant Reflection Auto Sales, LLC. (hereinafter "Defendant Reflection") is a is a domestic limited liability company that regularly transacts business in the state of Minnesota with its location at 4747 Geneva Avenue North, Oakdale, MN 55128, to which a debt was owed as a second lien holder, and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) of the FDCPA.

## FACTUAL SUMMARY

8. In March of 2019, Plaintiff incurred a debt with creditor and Citywide Finance, Inc. The debt was then assigned, sold, or transferred to Defendant Reflection. The debt was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically, the debt was an auto loan for a 2011 Jeep secured by Plaintiff's home.

9. Sometime after March of 2019 Plaintiff fell behind on his auto loan owed to Defendant Reflection.

10. Plaintiff's auto loan account was in default as of February 20, 2021.

11. On February 22, 2021, Plaintiff spoke with Defendant Reflection regarding a payment plan for the auto loan.

12. Plaintiff, at the conclusion of the conversation, believed he and Defendant Reflection had come to a mutual understanding regarding the repayment plan for the balance on the loan. Specifically, Plaintiff believed that he had until the end of the week to make payments to become current on the account and that Defendant Reflection would refrain from attempts to repossess Plaintiff's vehicle.

13. However, despite this agreement, on or before February 23, 2021, Defendant Reflection hired Defendant Schmitty's to self-help repossess Plaintiff's vehicle.

14. On February 23, 2021, Defendant Gall, acting on behalf of Defendants, attempted a self-help repossession of Plaintiff's vehicle at Plaintiff's home.

3

15. The Defendants' agents present to self-help repossess the Jeep at Plaintiff's home were Defendant Gall and an unknown female believed to be Gall's daughter.

16. It is unknown whether the female who accompanied Gall at Plaintiff's home was an employee of Defendants or whether her assistance in the self-help repossession was in violation of company policy.

17. According to Albert Lea police report of Detective Sy Vanthavong the unknown female repossession agent was "Jocelyn Marie Mutchler".

18. Plaintiff, from inside his home, saw Defendant Gall's tow truck pull into Plaintiff's driveway, and Plaintiff's friend ran from inside his home and entered the vehicle through the driver's side door thereby objecting to the repossession.

19. Defendant Gall proceeded to hook the vehicle to the tow truck. Plaintiff's friend entered inside the vehicle.

20. Plaintiff demanded Defendant Gall to leave the property immediately.

21. Defendant Gall proceeded to make verbal threats toward Plaintiff and Plaintiff's friend, indicating Defendant Gall intended to drive away with Plaintiff's friend still inside the vehicle.

22. Plaintiff called the police and began recording the incident on his cellphone after the police arrived.

23. Defendant Gall refused to move his vehicle from Plaintiff's driveway at Plaintiff's request thereby trespassing on Plaintiff's property.

24. Defendant Gall further refused to leave the property after police arrived.

25. Defendant Gall argued with Police, becoming increasingly combative belligerent and agitated, and threated bodily harm Plaintiff by stating, "Either answer [. . .] or I'll f*cking beat your a*s."

26. Plaintiff was afraid for his physical safety.

27. Defendant Gall and woman accompanying him reluctantly lowered the vehicle from the tow truck with Plaintiff's friend still inside at the instruction of law enforcement present at the scene.

28. Defendant Gall indicated to police and Plaintiff, "Don't worry, I'll get this b*tch."

29. Plaintiff warned Defendants not to return to his property, thereby revoking any prior authorization of self-help repossession from his property.

30. The woman accompanying Defendant Gall further unhooked the vehicle from the tow truck.

31. After police left the scene, Defendant Gall repeatedly drove past Plaintiff's residence in an attempt to intimidate and threaten Plaintiff.

32. Defendant Gall finally returned to Plaintiff's residence and parked in the street and then exited his truck and proceeded to trespass onto Plaintiff's property.

33. Plaintiff was outside his front door and as Defendant Gall began to approach, Plaintiff began to video record the encounter. Defendant Gall again threatened Plaintiff by stating "I'll beat your f*cking face in you little b*tch."

34. Upon seeing that Plaintiff was videoing the encounter, Defendant Gall turned around, left Plaintiff's property, re-entered his vehicle and drove off.

35. Plaintiff called the Albert Lea Police Department and reported the incident. Plaintiff provided copies of both videos of Defendant Gall to the Albert Lea Police Department.

36. Defendant Gall was charged with Disorderly Conduct and Trespass.

37. On July 14, 2021, Plaintiff discovered that there was a tracking device that was placed on Plaintiff's second vehicle, a maroon 2007 Dodge Grand Caravan. Plaintiff believes that Defendant Gall's intent was to discover when Plaintiff was not home so he could repossess Plaintiff's Jeep. Defendant Gall had no other legitimate or legal reason to place a tracking device on Plaintiff's Dodge Grand Caravan, which is otherwise unrelated to the collection actions by Defendants.

38. When Plaintiff inquired to the company referenced on the tracking device, MVP Recovery, of Ft. Lauderdale FL. The company confirmed that the tracking device was registered to Defendant Gall.

39. Plaintiff never gave permission to Defendants to place a tracker on either of the vehicles that he owns.

40. By placing a tracker on Plaintiff's other vehicle without his permission, Defendants have invaded Plaintiff's privacy.

41. By breaching the peace during a self-help repossession on more than one occasion, Defendants violated Minn. Stat. § 336.9-609.

CASE 0:21-cv-01828-KMM-ECW   Doc. 14   Filed 09/22/21   Page 7 of 15

42. By violating Minn. Stat. § 336.9-609 and committing the criminal acts of Disorderly Conduct and Trespass, in addition to assault, during a repossession, Defendants breached the peace, in violation of 15 U.S.C. § 1692f(6).

43. Defendants' illegal conduct was intentional and in deliberate disregard for Plaintiff's rights under state and federal law.

## DAMAGES

44. Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal, and unfair debt collection practices.

45. Defendants caused Plaintiff to expend time and resources to hire an attorney to defend himself and vindicate his rights.

46. Defendants caused Plaintiff emotional distress due to the threatening language of Defendant Gall he feared for his safety.

## RESPONDEAT SUPERIOR LIABILITY

47. The acts and omissions of Defendant Gall and any other debt collectors employed as agents by Defendants who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendants.

48. The acts and omissions by Defendant Gall and any other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in enforcing a security interest.

49. By committing these acts and omissions against Plaintiff, Defendant Gall and any other debt collectors were motivated to benefit their principal, Defendants.

7

50. Both Defendants Reflection and Schmitty's are therefore joint and severably liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state or federal law by its collection employees, including Defendant Gall.

## STANDING

51. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendants;

    c. and is likely to be redressed by a favorable judicial decision.

*See TransUnion L.L.C. v. Ramirez,* 2021 WL 2599472 (U.S. June 25, 2021), *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

52. In order to meet the standard laid out in *Ramirez*, *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

53. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

54. For an injury to be "concrete" it must fall into one or more of three recognized categories of injuries: (1) physical or monetary injury; (2) reputational harms, disclosure of private information, intrusion upon seclusion; (3) or infringement

of constitutional rights. *TransUnion L.L.C. v. Ramirez*, 2021 WL 2599472 (U.S. June 25, 2021).

55. In the present case, Defendants' unlawful conduct negatively affects the Plaintiff causing both physical and monetary injury, as well as intrusion upon seclusion.

56. In addition, by breaching the peace during a self-help repossession, Defendants violated Minn. Stat. § 336.9-609, Defendants caused an infringement of Plaintiff's constitutional rights under both State and Federal law.

*The "Traceable to the Conduct of Defendant" Prong*

57. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

58. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agent at the direction of Defendants.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

59. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

60. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

61. Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

62. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

### TRIAL BY JURY

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

### DEFENDANTS SCHMITTY'S & GALL

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant Schmitty's and Defendant Gall constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

66. Specifically, by breaching the peace during repossession, Defendant engaged in unlawful repossession, in violation of 15 U.S.C. § 1692f(6)(A).

67. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants Schmitty's and Gall.

## COUNT II.

## VIOLATION OF MINN. STAT. § 336.9-609 - BREACH OF PEACE

## ALL DEFENDANTS

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Minnesota statute provides that "[a]fter default, a secured party may take possession of the collateral. . . . A secured party may proceed . . . without judicial process, if it proceeds without breach of the peace." Minn. Stat. § 336.9–609(a)(1), (b)(2).

70. Minnesota courts have adopted the following definition of "breach of the peace": "[a] violation of the public order, a disturbance of public tranquility, by an act or conduct inciting to violence or tending to provoke or excite others to breach the peace [including] any violation of any law enacted to preserve peace and good order." *Bloomquist v. First Nat'l Bank of Elk River*, 378 N.W.2d 81, 85 (Minn. Ct. App. 1986) (quotations omitted). *See also Nichols*

       *v. Metropolitan Bank*, 435 N.W.2d 637, 639 (Minn. Ct. App. 1989) ("A secured party must ensure there is no risk of harm to the debtor and others if the secured party chooses to repossess collateral by self-help methods.").

71.   "Neither violence nor threat of violence need occur before a breach of the peace may be found. Rather, 'the probability of violence at the time of or immediately prior to the repossession is sufficient.'" *Saice v. MidAmerica Bank*, No. CIV.98-2396 (DSD/JMM), 1999 WL 33911356, at *2 (D. Minn. Sept. 30, 1999) (cleaned up) (citations omitted).

72.   The self-help repossession by Defendant Gall breached the peace by aggressively refusing to leave the Plaintiff's property after Plaintiff asked him. Defendant Gall also threatened Plaintiff with violence on two occasions during the self-help repossession. These actions "disturb[ed] public tranquility" and "tend[ ] to incite violence" and thus constitute a breach of the peace.

73.   Defendants are liable for damages to the Plaintiff for actual damages and for emotional distress and statutory damages provided by Minn. Stat. § 336.9-625.

## COUNT III.
## VIOLATION OF MINN. STAT. § 609.224 - ASSAULT
### ALL DEFENDANTS

74.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.   Defendant Gall committed an assault against Plaintiff by intentionally attempting to cause fear of bodily harm. MINN. STAT. § 609.224 (2020) (Who

ever does any of the following commits an assault and is guilty of a misdemeanor… (2) commits an act with intent to cause fear in another of immediate bodily harm…).

76. Defendant Gall refused to move his vehicle from Plaintiff's driveway, even after police arrived. These actions were intentionally intimidating and offensive.

77. Defendant Gall made various verbal threats toward the Plaintiff and Plaintiff's friend including, "Either answer [. . .] or I'll f*cking beat your a*s." "Don't worry, I'll get this bitch" and "I'm going to f*cking beat your face in you little bitch." These actions were intentionally intimidating and offensive.

78. Defendant Gall remained in close physical proximity to Plaintiff's property, and returned to Plaintiff's property after the police left and continued to verbally threaten Plaintiff. These actions were intentionally intimidating and offensive.

79. As a result of Defendant Gall's assault, Plaintiff has suffered emotional distress and is entitled to an award of actual damages to be determined at trial.

## COUNT IV

### INVASION OF PRIVACY

### ALL DEFENDANTS

80. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

81. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and

private concerns and affairs during the attempted self-help repossession of the Vehicle on February 23, 2021.

82. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

83. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs.

84. As a result of Defendants' intrusion, Plaintiff has suffered emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- Ordering Defendants to cease collection activities against Plaintiff;
- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants Schmitty's and Gall;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- an award of actual damages according to Minn. Stat. §336.9-625 for the breach of peace;
- an award of statutory damages of $500.00 for each violation under Minn. Stat. §336.9-625;
- an award of actual damages related to the assault under Minn. Stat. § 609.224; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 22, 2021

By:  s/Mark L. Vavreck
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
Email: mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommy@consumerjusticecenter.com

ATTORNEYS FOR PLAINTIFF